IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Stacey D. Farmer, )
    Petitioner, )
)
v. ) 1:10cv1384 (AJT/JFA)
)
George Hinkle, )
    Respondent. )

## MEMORANDUM OPINION

Stacey D. Farmer, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of multiple offenses in the Circuit Court for the County of Henrico, Virginia. On March 31, 2011, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Farmer was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply captioned as a Motion to Grant. For the reasons that follow, respondent's Motion to Dismiss must be granted, petitioner's Motion to Grant must be denied, and this petition must be dismissed, as time-barred.

### I. Background

On October 10, 2007, following a bench trial, Farmer was convicted of the robbery and aggravated malicious wounding of seventy-four year old Samuel Glass, who suffered permanent brain injury as a result of the beating and remained in a coma until his death some five months later. Resp. Ex. 3 at 5. In addition, Farmer pleaded guilty to charges of credit card forgery and unauthorized use of a motor vehicle. Resp. Ex. 3 at 3 - 4; Resp. Ex. 1. By order dated January 4,

1

2008, Farmer was sentenced to serve an aggregate of sixty (60) years in prison, with fifteen (15) years suspended. Resp. Ex. 2.

Farmer appealed his robbery and aggravated malicious wounding convictions to the Court of Appeals of Virginia, arguing that the evidence was insufficient to sustain either conviction. Resp. Ex. 3. On July 30, 2008, the petition for appeal was denied in a *per curiam* order. Farmer v. Commonwealth, R. No. 0258-08-2 (Va. Ct. App. July 30, 2008); Resp. Ex. 5. The Supreme Court of Virginia refused Farmer's petition for further review on January 6, 2009. Farmer v. Commonwealth, R. No. 081572 (Jan. 6, 2009); Resp. Ex. 8.

On January 4, 2010, Farmer filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, raising the same multiple claims of trial error and ineffective assistance of counsel he makes in this federal proceeding. In a 13-page order dated August 4, 2010, the Court dismissed the petition. Specifically, the Court found that none of Farmer's claims of ineffective assistance satisfied the test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984); his claims of prosecutorial misconduct were without merit; and his claims of trial court error were not cognizable in a petition for writ of habeas corpus and hence were procedurally barred. Farmer v. Warden, Greenville Corr. Center, R. No. 100054 (Va. Aug. 4, 2010); Resp. Ex. 9. Farmer next turned to the federal forum and filed this application for § 2254 relief in November, 2010.

## II. Applicable Law

A federal petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the state judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. §

2

2244(d)(1)(A)-(D). In calculating the one-year period, however, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). If the total time elapsed exceeds one year, the federal petition is untimely and must be dismissed, unless petitioner can establish that he is entitled to equitable tolling of the limitations period. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

### III. Analysis

As the respondent argues in his Motion to Dismiss, this petition for § 2254 relief is subject to dismissal as time-barred. Because Farmer makes no allegation of state-created impediment, newly-recognized constitutional right, or newly-discovered evidence, the limitations period began to run in this case on the date the conviction at issue became final. The Supreme Court of Virginia refused Farmer's direct appeal on January 6, 2009, so the conviction became final on April 6, 2009, the last date Farmer could have petitioned the Supreme Court of the United States for a writ of certiorari.[1]

Between April 6, 2009, the date petitioner's conviction became final, and January 4, 2010, the date petitioner filed his state habeas application in the Supreme Court of Virginia, 273 days passed. Between August 4, 2010, the date Farmer's state habeas application was denied, and November 8, 2010, the earliest date he arguably filed this federal petition, an additional 95 days of

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

3

untolled time elapsed. When these days are combined they establish that the instant petition was filed at least 3 days beyond the one-year limit.[2] Accordingly, the petition is untimely under §2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

In response to respondent's invocation of the statute of limitations defense, petitioner appears to argue in his Motion to Grant that the untimeliness of this petition should be excused because his conviction amounts to a miscarriage of justice, since he is actually innocent of the crimes of which he stands convicted. Dkt. # 15 at 1 - 2.[3] While the Fourth Circuit appears not to have spoken on

---

[2] For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). As respondent notes, Farmer certified on the face of his form petition that it was placed in the prison mailing system on November 8, 2010. Pet. at 15. Subsequently, however, petitioner wrote a letter to the Clerk explaining that although the petition was dated November 8, 2010, petitioner had to "hold" it until November 17, 2010 while institutional authorities prepared a money order for the filing fee. Dkt. #1, Ex. 4; Resp. Ex. 10. Thus, according to petitioner's own statement, it appears that this petition actually was not filed until November 17, 2010, which would make it untimely by a factor of 12 days. However, this discrepancy need not be resolved because, as the calculations set out in this Memorandum Opinion demonstrate, this petition is untimely even if it is deemed to have been filed on November 8, 2010. See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (finding that a petition filed one day past the AEDPA filing deadline was untimely and that the one-day margin was not grounds for equitable tolling).

[3] The petitioner in his Motion to Grant makes other largely incomprehensible references to prior arguments he allegedly made to the Court. Notably, these include a reference to "petitioner's Petition for Writ of Habeas Corpus, Timeliness of Petition 18(b)." Dkt. # 15 at 1. Careful review of all three copies of the voluminous petition Farmer has provided to the Court, including the various interspersed exhibits, reveals no such section. Instead, it is noted that page14 of Farmer's form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, which includes subsection 18, titled "Timeliness of Petition," is missing from all three copies of the petition. Therefore, in deference to petitioner's pro se status, he is hereby notified that the argument he apparently believes he set out at "Petition for Writ of Habeas Corpus, Timeliness of Petition 18(b)" is not before the Court at this time, and petitioner if he chooses may reiterate that argument in a motion filed pursuant to Fed. R.

4

the issue, some circuits have held that the Suspension Clause might require consideration of an untimely § 2254 petition where the petitioner can demonstrate actual innocence. See, e.g., Wyzykowski v. Dep't of Corrections, 226 F.3d 1213 (11th Cir. 2000). However, in those instances, courts first address the question of whether the petitioner can make a credible showing of actual innocence before reaching the constitutional issue of whether the Suspension Clause requires recognition of such an exception. Id. at 1218; see also, Sibley v. Culver, 377 F.3d 1196, 2205 (11th Cir. 2004) (declining to reach the merits of whether the Suspension Clause requires an exception to the § 2244 limitations period for an actually innocent prisoner where petitioner failed to make a showing of actual innocence); Lucidore v. New York State Division of Parole, 209 F.3d 107, 113 (2d Cir.), cert. denied, 531 U.S. 873 (2000) (holding that because petitioner failed to demonstrate actual innocence, the question of whether an "actual innocence" exception to the AEDPA statute of limitations is constitutionally required need not be reached); Thomas v. Straub, 10 F.Supp.2d 834 (E.D.Mich. 1998) (rejecting a Suspension Clause challenge to the § 2244 limitation period where petitioner did not fit within such an exception, if the exception exists).

In Schlup v. Delo, 513 U.S. 298, 327 (1995), the Supreme Court addressed the question of whether a habeas corpus petitioner could use a contention of actual innocence to excuse the procedural default of a claim and enable the court to review the claim on the merits. The Court in that case held that the evidence necessary to make a showing of actual innocence must be "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324; see Sharpe v. Bell, 593 F.3d 372 (4th Cir. 2010). Subsequently, in House v. Bell, 528 U.S. 1000, 1011 (2006),

---

Civ. P. 59(e) or 60(b).

the Court reiterated its holding in Schlup that a prisoner asserting actual innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

Here, pursuant to these authorities, Farmer's reliance on actual innocence to excuse the untimely filing of this petition is unavailing. In support of his assertion of actual innocence, Farmer points to what he characterizes as discrepancies in the victim's autopsy report concerning the location of the skull fracture. Dkt. # 15 at 3. However, petitioner would have been aware of this evidence prior to and at the time of trial. Thus, this evidence is not "new" and hence is insufficient to establish actual innocence under Schlup and House. As petitioner fails to make a credible showing of actual innocence, the question of whether such a showing would provide an exception to the § 2244 limitations period must be left for another day, and this petition is time-barred. Because the petition is subject to dismissal for that reason, respondent's additional arguments concerning the merits of petitioner's claims will not be addressed.

### IV.

For the foregoing reasons, respondent's Motion to Dismiss will be granted, petitioner's Motion to Grant will be denied, and this petition will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this _15th_ day of _July_ 2011.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge

6